FILED
2011 Jan-26 PM 03:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| KAREN LOTT, on her own behalf and all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) ADVANTAGE SALES & MARKETING LLC, ) ) ) Defendant. ) | 2:10-cv-00980-JEO |

## **MEMORANDUM OPINION**

This case, which arises under the Fair Labor Standards Act (hereinafter "FLSA"), is before the court on the "Motion to Dismiss or in the Alternative to Stay Plaintiff's Action" filed by defendant Advantage Sales and Marketing LLC (hereinafter "the defendant" or "Advantage"). (Doc. 25). As basis for its motion, the defendant asserts that a nationwide FLSA collective action that is virtually identical to this case was filed five months before this action in the Southern District of Indiana, and that pursuant to the "first to file rule," the court should dismiss or stay this action. (Doc. 26 at 3). The motion is opposed by Plaintiff Karen Lott and the other opt-in plaintiffs (hereinafter "Lott" or "the plaintiffs"). They argue that neither a stay nor a dismissal is proper. (Doc. 32).

For the reasons set out herein, the court finds the defendant's motion is due to be granted in part and denied in part, as follows: (1) the "first to file" rule is applicable in this case, (2) a transfer of this matter is not the appropriate course of action, (3) a dismissal of the individual claims without prejudice to refile individual claims in this court or other courts of competent jurisdiction or to opt in to the pending *Campbell* litigation is appropriate, and (4) Plaintiff Lott

should be afforded an opportunity to join the *Campbell* litigation or file an amended complaint in this action alleging only her individual claims.

## BACKGROUND

Lott filed this case, on behalf of herself and all others similarly situated, on April 14, 2010. (Doc. 1). In her complaint, she defined the "collective class" as:

> persons who were or are currently employed by Advantage as "Retail Sales Merchandisers," "Merchandising Representatives," "Merchandising Sales Representatives," or some similar title, and assigned to perform their work at Wal-Mart stores, or who were required to work more than forty hours per week but were not paid overtime pay.

(Doc. 1 at ¶ 1). Since Lott filed her complaint, at least twenty-two additional plaintiffs have executed consents to join the action.

On November 2, 2010, the defendant filed its "motion to dismiss or in the alternative to stay plaintiff's action" (doc. 25), asserting that the collective class defined in the plaintiff's complaint is subsumed in the collective class already conditionally certified in *Campbell v. Advantage Sales & Marketing LLC*, in the Southern District of Indiana, Indianapolis Division,1:09-cv-01430-LJM-DML, filed on November 17, 2009.[1] The conditionally certified collective class in that case is defined as:

> All present and former Retail Sales Merchandisers who are or have been employed by Advantage Sales & Marketing for any period of time from August 24, 2007 through the present, who reported their time worked through the E-Labor time reporting system, and who have not been paid wages or otherwise compensated for all time spent working beyond 40 hours per week, or who were wrongfully denied overtime compensation.

---

[1]The Campbell court issued an order permitting the case to proceed, conditionally, as a collective action on August 24, 2010. On October 28, 2010, the court issued an order clarifying the definition of the class, and ordering that notice be sent to the affected individuals within ten (10) business days. *See* Doc. 26-2.

(*Campbell* "Notice of Collective Action Lawsuit").[2]

The Lott plaintiffs and the Campbell plaintiffs allege that they were wrongfully denied overtime and seek back pay; compensatory, liquidated, and punitive damages; pre- and post-judgment attorney's fees; litigation expenses and costs; and, other legal and equitable relief as may be deemed appropriate.[3] Advantage argues that the two actions are substantially similar and, therefore, should be heard by the United States District Court for the Southern District of Indiana, where the first complaint was filed.

## ANALYSIS

### The "First to File" Rule Generally

"When parties have instituted competing or parallel litigation in separate courts, the court initially having jurisdiction should hear the case." *Barnett v. State of Alabama*, 171 F. Supp. 2d 1292, 1296 (S.D. Ala. 2001). The rule is designed to avoid concurrent litigation of the same issues, between the same parties, in more than one federal court." *Alvarez v. Gold Belt, LLC*, 2009 WL 1473933, at *2 (D.N.J. May 26, 2009). *See also*, *Manuel v. Converges Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005) ("[w]here two actions involving overlapping issues and parties are

---

[2]The *Campbell* "Notice" is located at Doc. 32-2 at 2-6 of 9 in the court's electronic record of the case.

[3]In paragraph 32 of Lott's complaint, she asserts:

> By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the Collective Class Members, Defendant Advantage failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA.

In paragraph 32 of the Campbell complaint, the plaintiffs assert:

> By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and the Collective Class, Advantage has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed rule").

The first to file rule is discretionary. *See*, *e.g.*, *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) ("the complex problems that can arise from multiple federal filings do not lend themselves to a rigid test, but require instead that the district court consider the equities of the situation when exercising its discretion"); *Adams v. Ca. Dept. of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (district court has "broad discretion" to "dismiss a duplicative later-filed action").

> The purpose of the rule is "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir.1985). Moreover, it simply promotes judicial efficiency. That said, "the first-filed rule should not be applied too rigidly or mechanically and a District Court may in its discretion decline to follow the first-filed rule if following it would frustrate rather than further these purposes." *United States v. 22.58 Acres of Land*, 2010 WL 4311254 (M.D. Ala.2010) (citing *Alltrade, Inc. v. Uniweld Prods, Inc.*, 946 F.2d 622, 628 (9th Cir.1991)).
>
>   Duplicative lawsuits are those in which the issues "have such an identity that a determination in one action leaves little or nothing to be determined in the other." *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 688 (E.D. Tenn. 2005) (quoting *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir.1997)). To determine whether actions are duplicative and the first-to-file rule applies, courts consider three factors: (1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake. *Id*. (citations omitted). It is important to note that the parties and issues need not be identical, but rather the parties and issues should substantially overlap. *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950-51 (5th Cir.1997); *Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc.*, --- F. Supp. 2d ----, ----, 2010 WL 126171 (D. Kan. 2010); *Fuller*, 370 F. Supp. 2d at 688; *22.58 Acres of Land*, 2010 WL 431254 at *5; *SPEC Intern, Inc. v. Patent Rights Protections Group, LLC*, 2009 WL 736826, *3 (W.D. Mich. 2009).

*Goldsby v. Ash*, 2010 WL 1658703, *2 (M..D. Ala. April 22, 2010). For the reasons set out

herein, the court finds that consideration of the factors set out in *Fuller*, *supra*, warrants transfer of this action based on the first to file rule.

### Application to *Campbell* and *Lott*

That *Campbell* was filed first is undisputed. What is in dispute, however, is whether the parties to *Campbell* and *Lott* are substantially similar. The plaintiffs argue that the first to file rule is inapplicable because the instant plaintiffs are not parties to *Campbell*, are not obligated to join *Campbell*, and don't want to join *Campbell*. (Doc. 32 at 7 of 22). The plaintiffs argue, specifically, that "[i]dentical parties in concurrently pending actions is the *sina qua non* of the first to file rule." (Doc. 32 at 8 of 22). However, even a cursory glance at applicable case law reveals that "substantially similar" does not mean "identical."

The plaintiffs cite *Alvarez v. Gold Belt, LLC*, *supra*, in support of their argument, but the plaintiffs misplace the court's emphasis in so doing. Specifically, the plaintiffs argue that

> the [*Alvarez*] [c]ourt refused to grant a motion to dismiss a later filed FLSA putative collective action in favor of a previously filed action by different plaintiffs against the same defendant "because the first-filed rule is designed to avoid concurrent litigation of the same issues, between the *same parties*, in more than one federal court ....

(Doc. 32 at 9 of 22) (emphasis added by plaintiffs). While the plaintiffs are correct that the *Alvarez* court declined to transfer the case based upon the first-filed rule, it did so not because the parties were not identical, but because both the first filed and later filed cases were filed in the *same court*, but assigned to different judges. In fact, the *Alvarez* court indicated that it *would* have dismissed the later filed case had it been filed elsewhere. Specifically, the court noted:

> Thus, because the first-filed rule is designed to avoid concurrent litigation of the same issues, between the same parties, in more than one federal court, it does not technically apply to the case here. The principles behind first-filed rule,

>however, are implicated....
>
>...Here, this case and the *Manning* case are fundamentally identical. The plaintiffs in both matters (1) are all COB role players, (2) seek to certify a class of plaintiffs who are just like them, and (3) claim that the FLSA was violated in the same manner. Defendants in both matters are the same employers of all the plaintiffs. The only difference between the cases are the actual names of the plaintiffs and the attorneys prosecuting the actions.
>
>Moreover, the fact that both actions seek to proceed as a collective action causes plaintiff here to be a potential plaintiff in the *Manning* case, and the plaintiffs in *Manning* to be potential plaintiffs in this case. Thus, in practical effect, the plaintiffs in both cases are overlapping.
>
>Considering that the plaintiffs are essentially the same, the defendants are the same, and the claims are the same, ... this case presents the potential for waste of judicial resources and the duplication of two court's efforts.
>
>Of additional and greater concern is the potential for inconsistency in the determination of the legal issues. Both Judge Irenas in *Manning* and this Court here will be tasked with determining whether the matters should be certified as collective actions and whether the plaintiffs' claims are viable under the FLSA and NJWHL. Inconsistency in such determinations would cause turmoil for the parties and for the state of the law.[4]

*Alvarez*, 2009 WL 1473933 at *3. Based upon the court's analysis of the *Alvarez* case, this court finds the plaintiffs' assertion that "the Alvarez court took the opposite action to that which Defendant proposes here," to be in error. (*See* Doc. 32 at 10 of 22).

The plaintiffs next argue that they are not represented in the *Campbell* action. (Doc. 32 at 11of 22). While the court agrees that the plaintiffs, at this juncture, are not literally represented in *Campbell*, the court finds that their interests are. The collective class already conditionally

---

[4] Although the *Alvarez* court did not dismiss the case, it did deny the plaintiff's motion for class certification pending collective action certification in the first filed case, and noted that if the earlier-filed case were to be certified as a collective action, Alvarez could either opt in to it, or proceed on his own as an individual plaintiff. Further, the court noted that if the first-filed action was not certified, Alvarez could continue on his own but not as a class, absent a reason otherwise. 2009 WL 1473933 at *4. Thus, the *Alvarez* court employed the first-filed principles, even though the particular circumstances of the case did not fit squarely within the parameters of the first-filed rule, in an effort to "prevent[] the duplication of efforts, waste of judicial resources, and inconsistent results on the same legal issues presented to two separate courts." *Id*.

certified in *Campbell* encompasses the collective class that the plaintiffs seek to certify here. The *Campbell* class is broader, as it covers Advantage's Retail Sales Managers, regardless of the team on which they work, but the plaintiffs' Wal-Mart team clearly falls within that coverage.

While the plaintiffs are correct that they cannot be forced to opt-in to the *Campbell* collective action, the court finds that their alternative is to bring individual claims against ASM, not institute a new, additional collective action on the same grounds as one already filed. Allowing the plaintiffs to do that would cause the exact result that the first-filed rule was designed to avoid. Although neither party offered, and the court could not find, any controlling Eleventh Circuit case law directly on point, the court finds *Alvarez*, discussed herein, *supra*, and *Fuller v. Abercrombie & Fitch Stores, Inc.*, particularly instructive.[5]

In *Fuller*, the plaintiff filed an FLSA action in the Eastern District of Tennessee, alleging that while he was a manager-in-training and Assistant Manager, the defendant failed to pay him and other similarly situated employees the appropriate amount of overtime, and that they were required to work off the clock without compensation. 370 F. Supp. 2d 686 (E.D. Tenn. 2005). The defendant moved to stay the lawsuit pursuant to the "first to file" rule. Specifically, the defendant asserted that Fuller's lawsuit was "duplicative" of another lawsuit filed in the Southern District of Ohio.

Fuller argued, much like the plaintiffs do here, that the representative plaintiffs were different; that the collective classes would be different; and that he alleged an additional claim that was not asserted in the first-filed action. *Fuller*, 370 F. Supp. 2d at 689. That court,

---

[5]*See also, Abushalieh v. American Eagle Exp.*, Civ. No. 10-211 (JBS/AMD), 2010 WL 2301150, at * 4 (D.N.J. June 7, 2010) (finding first filed rule applied to later filed collective action because both raised virtually identical issues and sought virtually identical relief on behalf of identical group of proposed plaintiffs against identical defendant).

however, still found the two actions substantially similar enough.  It reasoned:

> The Court finds that the parties in the two actions substantially overlap. Though the named plaintiffs are different individuals, all are former Abercrombie employees who worked as managers-in-training and assistant managers. And importantly, the claims in both actions are based on the plaintiffs' employment positions with Abercrombie.  Consequently, the named plaintiffs are effectively identical.  Further, both actions seek certification of the same collective class, defining the class as all current or former Abercrombie employees who worked as managers-in-training or assistant managers and were not properly compensated for overtime work.  And Abercrombie is undoubtedly the defendant in both actions.
>
> The Court notes that Fuller's contentions - that the named plaintiffs are different individuals and that, due to the opt-in feature of the collective action under 29 U.S.C. § 216(b), the collective classes in each action will be different - are correct.  Nonetheless, the Court finds that neither warrants the conclusion that the parties are not substantially similar.  Importantly, for the actions to be duplicative, the parties need not be identical; they need only substantially overlap. *Save Power*, 121 F.3d at 950-51; *Thomas & Betts*, 222 F. Supp. 2d at 996; *Plating Res.,* 47 F. Supp. 2d at 903-04.  Here, the named plaintiffs and the collective classes substantially overlap.  As previously noted, the named plaintiffs are all former Abercrombie employees who worked as managers-in-training and assistant managers, and their claims are based on this common characteristic. Consequently, the plaintiffs in the two actions are substantially similar.  Further, both actions seek to certify the same collective classes.  That the collective classes in each action will ultimately contain different individuals if both actions proceed is of little significance.  For if both actions proceed, the same individuals could receive two opt-in notices for the same claim but in different courts.  That such a confusing result could occur evidences that the collective classes are substantially similar.
>
> The Court also finds that the issues and claims in the two actions substantially overlap.  Both actions allege the same claim: that Abercrombie violated the FLSA by working the plaintiffs and class members more than forty hours per work and not providing appropriate overtime compensation. Recognizing that both actions raise this identical claim, Fuller contends that the issues in the two actions do not substantially overlap because he alleges an additional claim. Specifically, unlike the Mitchell action, Fuller alleges that Abercrombie required Fuller, and others, to work off-the-clock without pay.
>
> Fuller rightly recognizes that he alleges an additional claim not included in the Mitchell action.  However, the issues in the two actions need not be identical; they need only substantially overlap.  And the Court finds that, despite this

8

additional claim, the issues in the two actions still substantially overlap. Both of Fuller's claims question whether Abercrombie's compensation policies violate the FLSA. Mitchell's action, though only alleging one claim under the FLSA, also contests the same issue. Consequently, the existence of an additional claim in the Fuller action does not undermine the appropriateness of applying the first-to-file rule.

In short, the Court concludes that a resolution in the Mitchell action leaves little to be decided in Fuller's lawsuit. Fuller's arguments - that the plaintiffs are not identical, that the collective classes will include different individuals, and that he alleges a claim not included in the Mitchell action - are correct. However, the Court finds that these differences are not sufficient to overcome the substantial similarities between the actions. The crucial issue in both cases is whether Abercrombie's policy not to compensate its managers-in-training and assistant managers at the time-and-a-half rate for overtime hours violates the FLSA. Permitting both actions to proceed to judgment risks the possibility of inconsistent results. In an effort to avoid such an outcome and having found that the two lawsuits are duplicative and that the Mitchell action is the first-filed, the Court concludes that the first-to-file rule applies in this case.

In applying that rule, the Court concludes that the appropriate course is to transfer the Fuller action to the court handling the Mitchell action, the United States District Court for the Southern District of Ohio, Eastern Division. It is important to clarify that Fuller's action is not being transferred under 28 U.S.C. § 1404(a). Rather, this case is being transferred pursuant to the Court's inherent authority under the first-to-file rule. *See Cadle*, 174 F.3d at 606; *Save Power*, 121 F.3d at 952; *Alltrade*, 946 F.2d at 628-29; *Smithers-Oasis*, 194 F. Supp. 2d at 688; *Plating Res.*, 47 F. Supp. 2d at 903-06. Because Fuller's action will be transferred under the first-to-file rule, the Court does not address, and expresses no opinion on whether a transfer pursuant to § 1404(a) would be proper.

*Fuller*, 370 F. Supp. 2d at 689-691 (internal citations omitted).

Application of the same principles to the instant case warrants dismissal of the collective action allegations in this case. As stated previously, the *Lott* plaintiffs are covered by the conditionally certified collective class in *Campbell*. For potential plaintiffs to receive duplicative opt-in notices regarding the same claims against the same defendant in different federal courts would be confusing and wasteful.

9

**CONCLUSION**

Premised on the foregoing, the court finds that the defendant's motion to dismiss the plaintiffs' collective action (doc. 25) is due to be granted in part and denied in part. The court specifically finds (1) the "first to file" rule is applicable in this case, (2) a transfer of this action is not the appropriate course of action, (3) a dismissal of the individual claims without prejudice to refile individual claims in this court or other courts of competent jurisdiction or to opt in to the pending *Campbell* litigation is appropriate, and (4) Plaintiff Lott should be afforded an opportunity to join the *Campbell* litigation or file an amended complaint in this action alleging only her individual claims.

**DONE**, this the 26th day of January, 2011.

_____
**JOHN E. OTT**
United States Magistrate Judge